J-S62008-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN MCMILLAN, | |
| Appellant | No. 2159 EDA 2013 |

Appeal from the Judgment of Sentence entered on February 15, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0001349-2011

BEFORE: ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 06, 2014**

Marvin McMillan ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of voluntary manslaughter and violating the Uniform Firearms Act in relation to the shooting death of DeWayne Butler.

Appellant presents the following issues for our review:

I.      Is [Appellant] entitled to an Arrest of Judgment on all charges as a result of a lack of sufficient evidence to sustain the verdict?

II.     Is [Appellant] entitled to a new trial on all charges where the verdict is not supported by the greater weight of the evidence?

III.    Is [Appellant] entitled to a new trial as the result of prosecutorial misconduct where the Assistant District Attorney alluded to the fact that [Appellant] could testify where as here, [Appellant] did not testify, the remarks were grossly prejudicial?

IV. Is [Appellant] entitled to a new trial as the Trial Court permitted impermissible hearsay into the record through the reading of an Out of Court Statement where there was no legal reason to permit same?

Appellant's Brief at 3.

Mindful of the standards of review which are applicable to Appellant's issues, we carefully examined the certified record and found Appellant's claims of error to be unavailing. The Honorable Linda Carpenter, who presided over the trial in this matter, has filed a comprehensive and well-reasoned opinion, with a related Exhibit A, which we adopt and incorporate as our own. Judge Carpenter has ably addressed Appellant's challenges regarding the sufficiency and the weight of the evidence, the prosecutor's conduct, and the admissibility of evidence. We therefore adopt the trial court's December 5, 2013 opinion with Exhibit A in affirming Appellant's judgment of sentence.

Our affirmance reflects our agreement with the trial court's determination that the prior written and adopted statement of Robert Harris, which was given to law enforcement on the day of the shooting and which was inconsistent with Robert Harris' trial testimony, was admissible at trial pursuant to Pa.R.E. 803.1(1)(b). *See* Trial Court Opinion, 12/5/13, at 5-6; *see also Commonwealth v. Brown,* 52 A.3d 1139, 1169-1171 (Pa. 2012); *Commonwealth v. Wilson,* 707 A.2d 1114, 1115-1117 (Pa. 1998).

We further agree with the trial court that Appellant was not entitled to relief regarding his claim of prosecutorial misconduct. *See Commonwealth*

*v. Lewis,* 39 A.3d 341, 352 (Pa. Super. 2012). Our review of the record and applicable case law comports with the trial court's determination that Khalid Harris was an unavailable witness whose prior statement to law enforcement was admissible at trial pursuant to Pa.R.E. 804(b)(6). *See* Trial Court Opinion, 12/5/13, at 10-15; *see also Commonwealth v. Kunkle,* 79 A.3d 1173, 1186-1187 (Pa. Super. 2013).

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014